Deogracias Viera Rodríguez et al., Petitioners and Appellants, *v.* Petra Providencia Viera Sosa et al., Respondents and Appellees.

No. 6499. Argued February 10, 1934.—Decided May 24, 1934.

*R. Ramírez Pabón* and *Manuel A. Martínez Dávila* for appellants. *Clemente Ruiz Nazario* for appellees.

Mr. Justice Hutchison delivered the opinion of the court.

In January, 1932, the parties in an action pending in the district court entered into a stipulation in the nature of a compromise and settlement of the controversy. In accordance with the terms and provisions the district court rendered a judgment which provided for the execution of certain notarial instruments. Deogracias Viera Rodríguez and

others, petitioners-appellants, *supra*, were defendants in the action just referred to but did not appeal from the judgment. Petra and Providencia Viera Sosa and others, respondents-appellees, *supra*, were plaintiffs in that action. For convenience the parties will be referred to as plaintiffs and defendants.

In January, 1933, plaintiffs moved for an order to compel the execution of the instrument referred to in the stipulation and judgment in accordance with the terms and provisions thereof. Defendants filed an answer to this motion and the parties went to trial on the issues so raised. Defendants appeal from an adverse decision and appellees move to dismiss the appeal as frivolous.

The record on appeal is voluminous and we have awaited the filing of appellants' brief in order to have the benefit thereof in our consideration of the questions discussed at the hearing of the motion to dismiss. The second, third, fourth, fifth, sixth, and seventh grounds of appeal are that:

"2. The court erred in finding that the judgment given and entered on January 18, 1932, was not appealable, and should be considered as final from the date of its entry.

"3. The court erred in deciding that it lacks jurisdiction to amend or modify its judgment of January 18, 1932, because the motion to so amend or modify was not filed within the judicial term at which it was rendered, and because of the failure on the part of the appellants to file their petition within six months as provided for in section 140 of the Code of Civil Procedure of Puerto Rico.

"4. The court erred in construing and applying section 140 of the Code of Civil Procedure of Puerto Rico.

"5. The court erred in deciding that even if the court had jurisdiction and authority to consider the petition of the appellants for a modification of the said judgment, it could not change or modify the said judgment, because the stipulation and judgment in question of January 16 and 18, 1932, were public documents.

"6. The court erred in finding that the acts of the appellants have tended to ratify strictly the contents of the said stipulation and judgment of January 16 and 18, 1932.

"7. The court erred in weighing the evidence."

Neither in the brief for appellants nor in the transcript of the evidence do we find any satisfactory reason for disturbing the findings of fact upon which the order of the district court was based. The other questions raised by the various assignments of error just quoted, even if decided in favor of appellants, would not affect the result.

The eighth ground of appeal is that the district court erred in considering that plaintiffs' motion stated facts sufficient to constitute a cause of action. No such question was raised in the district court nor at or before the hearing of the motion to dismiss the present appeal. It was suggested for the first time in the brief for appellants in support of their opposition to the motion to dismiss, filed after the hearing of that motion. If the defendants had raised this question in the district court plaintiffs would have had an opportunity to amend their motion.

Two of the plaintiffs were minors represented by their mother, also a plaintiff. The stipulation and judgment both provided for judicial authorization of the deed of partition and of another contract therein referred to, so far as these two minors were concerned, before execution thereof. This authorization was obtained before the making of the order appealed from. Documentary evidence of this authorization was offered by plaintiffs at the hearing in the district court and admitted without objection on the part of defendants.

Appellants assume, without attempting to show, that a judicial authorization was an indispensable prerequisite not only to the formal execution of the contracts in question but also to the filing of plaintiffs' motion. We can not concur in this view. It may be conceded that plaintiffs should have referred to the pending application for judicial authorization and prayed for an order to be made after the granting of such authorization on proper proof thereof at the hearing of the motion. The omission of such an averment was not a fatal defect. On appeal the motion would be deemed to have been amended to conform to the evidence, if neces-

sary, in this respect. Plaintiffs, of course, could not have alleged the existence of a judicial authorization at the time of filing their motion; nor was it necessary to delay the filing of that motion until a judicial authorization could be obtained. The district court, then, did not err in entertaining the motion. Even if no judicial authorization had been obtained, the district court might have ordered defendants, as it did order them in the judgment already rendered, to execute the deeds after the granting of such authorization.

The only remaining grounds of appeal are the first and the ninth. The first is that the district court erred in striking from the amended answer certain defenses, numbers ten and eleven.

In the motion which gave rise to the order appealed from, plaintiffs set forth:

"6. That neither the stipulation contained at the end of clause 4 of the said draft of contract, which has been literally transcribed under letter A in the foregoing averment, nor the stipulations contained in clauses 9, 10, 11 and 13, which have also been transcribed under letter B, have ever been the subject of an agreement between the parties, nor is there any pronouncement in regard to them in the judgment of January 18, 1932, rendered by this Hon. Court in the present case, and that the respondents herein have never agreed to the modification or alteration of the aforesaid judgment in such particulars as are referred to in the said clauses, or in any other particular, and that this Hon. Court has not modified or altered the said judgment at any time nor in any manner." The tenth and eleventh "defenses" were as follows:

"10. As a special defense to all the facts alleged in the 6th averment of the motion of the respondents, the petitioners allege that, if no agreement had been reached between the parties in regard to the stipulations transcribed at the end of clause 1 of the said draft of contract, which is literally copied under letter (A) in the 5th averment of the motion of the respondents, or in regard to the stipulations included in clauses 9, 10, 11 and 13, which are also copied under letter (B) in the 5th averment of the motion of the respondents, the stipulation which gave rise to the aforesaid judgment of January 18, 1932, rendered by this Hon. Court in the present case, would rest on an error which substantially affects the subject of the

contract and the terms thereof which were the principal cause of the execution of the said contract.

"11. As a special defense to the motion in regard to the execution of judgment filed by the respondents, the petitioners allege that, in order to prevent the commission of an injustice and to make it possible that the contract between the parties be not in conflict with the law, the morals, or the public order, the aforesaid judgment of January 18, 1932, must be not only modified to conform to the real agreements and stipulations which were actually the subject of the contract between the parties, but it must be also reconsidered by this Hon. Court taking into account the causes of *vis major* and the extraordinary fortuitous events which recently happened in Puerto Rico, since otherwise the aforesaid contract would turn out to be highly detrimental and ruinous to the petitioners.

"By reason of the hurricane of September 27, 1932, and the economic depression of the country, the benefits from the races held at Quintana Race Track, which constitute the substance of the subject of the contract, have decreased considerably in quantity and value, without any prospect for horse racing producing again the income and benefits derived from the same in normal times.

"It is likewise contended by the petitioners that horse racing has ceased to be a lucrative business by reason of the aforesaid unexpected disasters and *vis major*, and it is a fact that the causes or circumstances which mainly brought about the execution of the contract in question were the benefits and income that might be derived from such business which at the present time scarcely produces sufficient income to cover the overhead expenses for its operation."

Defendants had already alleged:

"5. That the aforesaid notary proceeded also to draft, and he has so drafted, the other contract agreed upon between the parties and which was the subject of the said judgment, which contract, as agreed upon between the parties, must be subscribed simultaneously with the deed of partition of the estate and as consideration thereof and of the compromise of the suits referred to in the said judgment.

"That the aforesaid contract, drafted by notary Rodolfo Ramírez Pabón, conforms in all its clauses to what was actually stipulated and agreed upon between the parties at the time of the discussion and acceptance of the bases for the aforesaid judgment of January 18, 1932, and although such instrument contains indeed certain clauses which do not appear to have been included as conditions in

the said judgment of January 18, 1932, it is none the less a fact that the said clauses actually and in fact were the subject of stipulation and agreement between the parties thereto, and through inadvertence no pronouncement in regard to the same was made in the said judgment. They have been included in the said document with the sole purpose of making it conform to the actual facts and to clear up in due form the terms of the contract referred to in the said judgment of January 18, 1932. That was expressly agreed upon and accepted by all the parties, since the judgment of January 18, 1932, must conform to the agreements and stipulations which were actually considered by the parties thereto.

. ''6. That the stipulation contained at the end of clause 4 of the said contract, which appears transcribed literally under letter (A) in the 5th averment of the motion for execution of judgment filed by the respondents, as well as the stipulations contained in clauses 9, 10 and 11, which also are transcribed under letter (B) in the 5th averment of the said motion of the said respondents, although in the judgment of January 18, 1932, rendered by this Hon. Court in the present case no express pronouncement was made in regard to the same, were actually the subject of an express agreement between the parties, and the respondents voluntarily consented to a modification of the aforesaid judgment in the particulars referred to in said clauses, as being in accordance with good faith, usage and the law and in complete accordance with the true agreements and considerations of the contract entered into between the parties and because they were inadvertently overlooked when drafting the stipulation on which is based the aforesaid judgment of January 18, 1932.

''The stipulation contained in clause 13 of the said draft of contract, which is also transcribed under letter (b) in the 5th averment of the said motion of the respondents, was not only the subject of an agreement between the parties, but it also is a necessary and direct consequence of that which was stipulated at the end of clause 4 of the said draft of contract, is in accordance with good faith, usage and the law, and becomes absolutely necessary for greater clearness in the application and interpretation of clause 4 of the said contract as the latter was actually agreed upon between the parties.

''The fact that this Hon. Court has not modified or altered its aforesaid judgment of January 16, 1932, as to the date or in any manner whatever, is due to the circumstance that the petitioners in this motion, by reason of the harmony and good faith with which up to now the negotiations between the parties had been conducted,

had not thought it necessary to come before this Hon. Court, as they do now, to request that the said judgment be modified and remade not only in conformity with the real agreements and stipulations entered into between the parties but also having in view the circumstances of *vis major* and the extraordinary fortuitous events of recent occurrence which justify a review and modification of the aforesaid contract, so that the latter does not become an instrument in conflict with the law, the morals, or public order."

The matters here alleged to have been agreed upon but omitted through inadvertence from the judgment and the written stipulation upon which that judgment was based are the same matters referred to in the protasis of the tenth averment. Just what the basic error would have been but for the alleged agreements, which were not embodied in the written stipulation which gave rise to the judgment, nor in the judgment itself, is not disclosed either by the curious phraseology of the tenth averment or by the brief for appellants.

This tenth averment, say appellants in their brief:

". . . establishes a legitimate defense in justification of the necessity for the clauses of the contract which are transcribed under letters (*a*) and (*b*) of the 5th averment of the motion of the appellees to appear expressly in the contract which must be executed by the parties for the purpose of making such document conform to the actual facts and be the faithful expression of the stipulations and agreements between the parties in establishing the bases for the stipulation which gave rise to the said judgment of January 18, 1932.

"The plea contained in the tenth averment of the amended answer has not for its purpose to oppose a mere error of fact but to establish the circumstances which concurred in the execution of the contract, the actual conditions and agreements which served as a basis of the compromise reached by the parties, the real attitude of the parties in regard to the contract executed, as well as the stipulations and agreements which were actually the subject of the contract entered into between the parties and which through inadvertence were not made the subject of an express pronouncement in the said judgment of January 18, 1932, and in the stipulation which was the basis thereof."

Thus it appears, according to the theory of the framers of the tenth averment, that the special defense therein referred to, rests entirely upon the alleged existence of certain agreements which the district judge found did not exist. Hence, the error, if any, in ordering that the tenth averment be stricken, was harmless.

The hurricane of September 27, 1932, the current depression, and the resultant decrease in profits to be derived from the business of horse racing, viewed in the light of the facts found by the district judge, could not have affected the result, and even if the district judge had erred in ordering that the tenth averment be stricken, his mistake in so doing would not have been reversible error. The brief for appellant, however, falls far short of a satisfactory showing that the error was in fact committed.

The ninth assignment is that the district court erred in sustaining plaintiffs' motion. The argument, as far as it need be noticed under such a vague and general assignment, is a mere recapitulation or repetition of the argument in support of the preceding assignments.

We are unable to escape the conclusion that the appeal is frivolous and it will be dismissed.